ROY NOBLE LEE, Presiding Justice,
for the Court:
Leo Bennett was convicted in the Circuit Court of Hancock County, Mississippi, on a charge of sexual battery upon a four-year-old female child and was sentenced to fifteen (15) years in custody of the Department of Corrections. He has appealed to this Court and assigns one error in the trial below:
The appellant’s conviction of sexual battery was based upon insufficient evidence in that the State failed to prove that the alleged victim was a physically helpless person.
The indictment charged that on the eighth day of July, 1982, Bennett did “... commit sexual battery upon a physically helpless person, to-wit: D.J.S., a female child of the age of four (4) years by engaging in sexual penetration with the said D.J.S., to-wit: cunnilingus.”
Without setting forth the exact details of the crime, the State’s evidence indicates that Mrs. Billie Schmidt and six (6) of her nine (9) children had gone to Kiln, a community several miles north of Bay St. Louis, Mississippi, where Mrs. Schmidt planned to help manage a bar. Bennett lived next door to that building and Mrs. Schmidt had known him for approximately eighteen (18) years. Mrs. Schmidt and her children were camping in a trailer behind the bar, which trailer was without running water and kitchen facilities. Bennett permitted the Schmidts to use the plumbing facilities and kitchen in his residence.
According to Mrs. Schmidt, Bennett came to the bar around 2:00 on the afternoon of July 8, 1982, became intoxicated, and left around 5 p.m. About 6 p.m., the Schmidt children came to the backdoor of the bar. Randy, age fourteen (14) years, who was holding the little 4-year-old child, stated that Bennett had been fooling with her. Mrs. Schmidt noticed red bite marks on the child’s chest and shoulders (she had on no top from the waist up). The child was taken to the hospital where she received a thorough physical examination, indicating red markings (passion marks) on her chest and red irritation of the outer and inner vagina. The doctor stated that her findings were consistent with sexual abuse.
Three (3) of the Schmidt children, aged 14, 12 and 10, observed Bennett in the act of sexually abusing the child. The sheriff’s office was notified, and Officer Glen *856 Jackson conducted an investigation. According to him, when he arrived at the scene, Bennett was intoxicated. Bennett denied committing the crime.
The thrust of Bennett’s argument is that the State failed to prove the four-year-old victim was a physically helpless person. Mississippi Code Annotated § 97-3-95 (Supp.1982),[1] in effect at the time of the incident, provides:
A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) another person without his or her consent; or
(b) a mentally defective, mentally incapacitated or physically helpless person. [Miss. Laws 1980, Ch. 450, § 1].
Miss. Code Ann. § 97-3-97 (Supp.1984), provides:
(a) “Sexual penetration” includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person’s body by any part of a person’s body, and insertion of any object into the genital or anal openings of another person’s body.
* * * * * *
(d) A “physically helpless person” is one who is unconscious or one who for any other reason is physically incapable of communicating an unwillingness to engage in an act.
Bennett was sixty-five (65) years old at the time of the crime. The victim was a four-year-old child. Her brothers observed the act of sexual abuse. When they took the child to her mother, she was crying and upset. She complained of pain to her mother. The jury, the triers of fact, heard all of the evidence, saw Bennett and his physical stature, and heard him testify. It was for the jury to determine whether or not the four-year-old child was “a physically helpless person.” The jury found against Bennett on that question, and we agree with the jury that, insofar as the charge of sexual abuse is concerned, the four-year-old child was physically helpless when compared to the 65-year-old Bennett. Ulster County Court v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); Edwards v. State, 469 So.2d 68 (Miss.Sup.Ct.1985).
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.

. Miss.Code Ann. § 97-3-95 was amended in 1984 to include “(c) a child under the age of twelve (12) years."