546 So.2d 673 (1989)
Marvin Leon HALL
v.
STATE of Mississippi.
No. 58300.
Supreme Court of Mississippi.
June 7, 1989.
Rehearing Denied July 26, 1989.
*674 Deborah Jones Gambrell, Charles E. Lawrence, Jr., Hattiesburg, for appellant.
Mike Moore, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice for the Court:
Marvin Hall, appellant/defendant, was arrested in November 1985 for the sale of cocaine to an undercover agent at a baseball game on May 9, 1985 at Vernon Dahmer Park, Hattiesburg, Forrest County, Mississippi.
On May 9, 1985, Marie Edwards, a narcotics agent employed by the Mississippi Bureau of Narcotics, met a confidential informant, Sammy Smith, at the Metro Narcotics office of the Hattiesburg police department. Edwards and Smith drove to Dahmer Park in a van which was owned by Smith's employer. Smith was to contact Marvin Hall, tell him that Edwards wanted to buy cocaine, and introduce the two.
When they arrived at the park Smith left the van to find Hall. Smith returned shortly and sat in the driver's seat Edwards was in the front passenger seat. After a few minutes, a man entered the the van through the side sliding door. He identified himself as "James". Edwards said she wanted some "coke". He said he had some "50 cent papers." Edwards gave him $100, he gave her two yellow folded papers. Hall left. Edwards positively identified "James" as the defendant Marvin Hall. Edwards and Smith returned to the police station. The substance in the yellow paper was identified as cocaine.
In due course Marvin Leon Hall was arrested, tried, and convicted by a jury in the Circuit Court of Forrest County, MS. of the crime of Sale of Cocaine. He was sentenced to a term of twenty-five years in the custody of Mississippi Department of Corrections. Hall appeals this conviction and sentence assigning the following errors:
1. THE COURT ERRED IN NOT DECLARING THE CONFIDENTIAL INFORMANT TO BE A HOSTILE WITNESS TO THE APPELLANT EVEN THOUGH HE WAS SUBPOENAED BY THE DEFENSE AND THEREFORE SUBJECT TO BEING CROSS-EXAMINED BY LEADING QUESTIONS.
2. THE COURT ERRED IN NOT ALLOWING APPELLANT'S ATTORNEY TO QUESTION THE CONFIDENTIAL INFORMANT ABOUT PRIOR ARREST OR CONVICTIONS FOR IMPEACHMENT PURPOSES OR TO SHOW A PATTERN AND PRACTICE OF THE CONFIDENTIAL INFORMANT OF BEING ARRESTED AND CHARGED AND ENTERING PLEAS IN EXCHANGE FOR DEALS.
3. WHETHER BASEBALL UNIFORM SHOULD HAVE BEEN ADMITTED INTO EVIDENCE AS REBUTTAL TESTIMONY OF THE AGENT DESPITE THE FACT THAT IT WAS NOT DISCLOSED IN DISCOVERY BY THE APPELLANT.
4. THE COURT ERRED IN NOT SUSTAINING APPELLANT'S MOTION TO DISMISS AT THE CONCLUSION OF THE STATE'S CASE.
Finding no reversible error, we affirm the conviction and sentence.

I.

DID THE COURT ERR IN NOT DECLARING THE CONFIDENTIAL INFORMANT TO BE A HOSTILE WITNESS AND IN NOT ALLOWING APPELLANT'S ATTORNEY TO QUESTION THE CONFIDENTIAL INFORMANT ABOUT PRIOR ARREST OR *675 CONVICTIONS FOR IMPEACHMENT PURPOSES OR TO SHOW A PATTERN AND PRACTICE OF THE CONFIDENTIAL INFORMANT OF BEING ARRESTED AND CHARGED AND ENTERING PLEAS IN EXCHANGE FOR DEALS?
Marvin Hall was introduced to the undercover narcotics agent Marie Edwards by Sammy Smith, a confidential informant, whose identity was subsequently revealed. Smith was cooperating with the police in exchange for relief from a charge of sale of less than an ounce of marijuana. The prosecution did not call Smith to testify against Hall. The defense called Smith. After an unsuccessful attempt to question Smith about the charge for the sale of marijuana, defense counsel indicated that Smith was being questioned pursuant to Miss.R.Evid. 611 and Harris v. Buxton T.V., 460 So.2d 828 (Miss. 1984). Defense counsel argued to the court:
... its my impression that he's (the prosecutor) indicating that we're trying to impeach a person that we consider to be in  I think 6.11 would show that he is a possible witness regarding his convictions. We are not asking about any past convictions. We're asking about this problem with the law that prompted him to become a confidential informant. Because of the nature of his testimony and the fact that he is involved strongly in the State's case and that he basically informed in said other State's cases, he, of course, is hostile.
.....
But we're not trying to impeach him based on any convictions. We already  he's already testified as to why he's cutting deals with the police. All we're asking him is has he been involved with any other trouble.
.....
We're asking that for the purpose of showing how interested he is in turning in anybody to help himself.
The Mississippi Rules of Evidence were in effect at the time of Hall's trial. Harris v. Buxton T.V. Inc. was decided before Mississippi adopted the Rules of Evidence. Harris is cited in the Comment to Miss.R. Evid. 611 which states that the Advisory Committee is cognizant of the Harris decision but considers the interpretation and application of the phrase "identified with the adverse party" to be broader than expressed in Harris. In Harris this court indicated the following test for determining how closely the witness must be identified with the adverse party:
(1) If the witness' acts or omissions are the predicate for a party's claim or defense, ..., then that witness is ordinarily sufficiently identified with an adverse party and may be called as an adverse witness and interrogated by leading questions.
(2) If the conduct of the witness plays such an integral part in the transaction or occurrence which is the subject of the action and which gives rise to the defendant's potential liability, ..., then again the witness is said to be sufficiently identified with the adverse party so that the witness may be called as an adverse witness and cross-examined.
460 So.2d at 833.
Using the Harris guidelines, we find that the informant Smith qualifies as an adverse witness and thus qualifies under Rule 611. Smith, although not called by the prosecution, was certainly adverse to Hall's interests. The use of cross-examination to impeach a witness entails an attack to show bias, interest or corruption on the part of the witness. Louisel, Federal Evidence sec. 340 (1979). Evidence that the witness has made a deal with the government to avoid prosecution has been allowed to indicate bias. Id. sec. 341.
The defense would have been allowed wide ranging cross-examination had the prosecution called this witness. It is unfair that the prosecution could defeat any attempt by the defense to present its theory that Hall was "set up" by the simple expedient of not calling Smith. Having said this, an examination of the record indicates that the defendant was not only not prejudiced by not being "officially" allowed to lead Smith, but also amply displayed to the *676 jury, Smith's possible motive for informing on Hall. The following occurred prior to the discussion above.
Q. Were you the confidential informant involved in the transaction on May 9th, 1985?
A. Yes, m'am.
.....
Q. O.K. You've been involved in some criminal trouble?
A. I have had an encounter, yes, m'am.
Q. And you've worked out a deal with them?
.....
A. Oh, yes, m'am.
.....
Q. And what, if anything, did the Narcotics Division offer you in exchange for you informing?
.....
A. Well, they said by me doing this I could help my case if I was to cooperate with them.
Q. And your case involved drugs, didn't it?
A. That's right.
The only information defense did not present to the jury was a history which would indicate that Smith regularly was arrested and regularly acted as an informant to keep himself out of jail. In fact, Smith only introduced Hall and the undercover agent, Edwards. He did not participate in the sale. He was not used as a witness in the State's case in chief against Hall.
We contrast this case with Suan v. State, 511 So.2d 144 (Miss. 1987) in which the cross-examination of the chief prosecution witness was restricted. In Suan the defendant was convicted primarily on the testimony of Eddie Grammar. We reversed because so much of the prosecution's case turned upon Grammar's credibility. The defense attempted to cross-examine Grammar on his favored treatment in the form of the prosecution's decision not to prosecute him in exchange for his testimony. We stated that this favored treatment is probative of the witness' interest or bias; and that defendant's constitutional right to confront his principal accuser should not be abridged. 511 So.2d at 148. In Hall's case, Smith was not the primary witness. The prosecution did not need Smith's testimony to present a prima facie case against Hall. Although we find that the court erred in not allowing the defense to call Smith as an adverse witness, we do not find that this error merits reversal.

II.

DID THE COURT ERR IN NOT ALLOWING THE BASEBALL UNIFORM TO BE ADMITTED INTO EVIDENCE DESPITE THE FACT THAT IT WAS NOT DISCLOSED IN DISCOVERY BY THE APPELLANT?
Hall attempted to introduce the baseball uniform in which he was dressed on the night of the drug transaction. The prosecution objected on the grounds that pursuant to Rule 4.06, they had not been provided with notice that any uniform was to be introduced. The court excluded the uniform but allowed a proffer. The witness was then allowed to describe the uniform in detail, including the fact that Hall's uniform was numbered "O".
Hall contends that the uniform should not have been excluded, but the proper remedy was a continuance. Hall also contends that the prosecution was not surprised by the effort to offer the uniform into evidence. The State was aware of the existence and general description of the uniform. Hall asserts that the uniform was essential to the defense in that Agent Edwards' description was deficient and that Edwards' identification was based, not on events of the night of the transaction, but on a picture taken after Hall's arrest.
Both Hall and the State cite Coates v. State, 495 So.2d 464 (Miss. 1986). Since the decision in Coates, several cases have dealt with discovery violations on the part of the defense. Cole v. State, 525 So.2d 365 (Miss. 1987); Taylor v. Illinois, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); Darghty v. State, 530 So.2d 27 (Miss. 1988); and Houston v. State, 531 So.2d 598 (Miss. *677 1988). Darghty states that Taylor limits the exclusion sanction to cases where the defendant's discovery violation was "willful and motivated by a desire to obtain a tactical advantage". 530 So.2d at 32. In Cole this court held as a matter of state procedural law that:
When faced with a discovery violation, technical or otherwise, the trial court should follow this procedure:
1) Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.
2) If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.
3) If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.
525 So.2d at 367.
Coates is modified to the extent it may be inconsistent with Darghty which adopts the same procedure when defense has violated discovery rules. 530 So.2d at 33. In Houston, this court further examines the sanction of exclusion stating: "the radical sanction of exclusion of a substantial portion of the defendant's evidence is one that should rarely be used." 531 So.2d at 612. The Houston Court then cites Taylor for the instances in which exclusion is justified, "it ought be reserved for cases in which the defendant participates significantly in some deliberate, cynical scheme to gain a substantial tactical advantage." Id.
We find that the uniform was wrongfully excluded. Clearly the Box guidelines adopted in Cole were not followed. However, the identification of Hall by Edwards was not based upon the uniform, but on her observation of Hall's face and appearance. This identification was not equivocal. In addition, a detailed description of the uniform and the fact that all team members were wearing similar apparel was presented to the jury. For this reason, although the trial court erred in excluding this evidence, we find that the error was harmless and does not merit reversal.

III.

DID THE COURT ERR IN NOT SUSTAINING APPELLANT'S MOTION TO DISMISS AT THE CONCLUSION OF THE STATE'S CASE?
Appellant contends that at the conclusion of the State's case in chief there was reasonable doubt as to the identity of the defendant in that the undercover agent, Edwards, in her written report failed to adequately identify Hall. Appellant cites May v. State, 460 So.2d 778 (1984) and Burge v. State, 472 So.2d 392 (1985) in support of this argument.
The state takes the position that by introducing evidence in his own behalf after the ruling on his motion to dismiss, Hall waived that ruling for consideration on appeal, citing Wetz v. State, 503 So.2d 803, 808 (Miss. 1987) and Stever v. State, 503 So.2d 227, 230 (Miss. 1987) notwithstanding Jordan v. State, 513 So.2d 574 (Miss. 1987). The State also points out that the assigned error is restricted to the overruling of the motion to dismiss and urges that because defense did not assign as error the denial of the motion for j.n.o.v. Hall has waived that error, if any.
As this court stated in Wetz and restated in Jordan, the defendant, by offering evidence, "... in no way waives the right to challenge the sufficiency or weight of the evidence in the event of an adverse jury verdict." 503 So.2d at 808; 513 So.2d at 578. By offering evidence, defendant has merely changed the quantum of evidence which must be viewed by this court in determining whether the jury verdict can be sustained.
In this assignment of error, the defendant is challenging the sufficiency of the evidence. Our standard of review was examined in Wetz as follows:

*678 In the present context we must, with respect to each element of the offense, consider all of the evidence  not just the evidence which supports the case for the prosecution  in the light most favorable to the verdict. Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Callahan v. State, 419 So.2d 165, 174 (Miss. 1982); Sadler v. State, 407 So.2d 95, 97 (Miss. 1981). The credible evidence which is consistent with the guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974). The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Hammond v. State, 465 So.2d 1031, 1035 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984); Glass v. State, 278 So.2d 384, 386 (Miss. 1973). Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss. 1984): Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980). We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty. Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Fisher v. State, 481 So.2d 203, 212 (Miss. 1985).
503 So.2d at 808.
Hall contends that the identification by the undercover agent is insufficient to sustain a conviction. The agent, Marie Edwards, stated on direct examination that a man entered the van in which she was seated at approximately 8:42. He identified himself as "James". She stated that he was the same individual as the defendant, Marvin Hall. The substance she purchased from Hall was identified as cocaine. Agent Edwards testified that she was facing Hall when the transaction took place and could see him clearly despite low lighting. Agent Edwards' "Report of Investigation" describes the drug dealer as 5'11' approximately, 35 years old, weighing 160-170 lbs., brown eyes, black hair, (wearing a base ball uniform, gray pants, black shirt). This description is consistent with Hall's height, weight, and general description at the time of his arrest. Hall contends that because Edwards' description did not include the fact that two fingers of his right hand were missing and because no mention was made of facial hair, the description was insufficient to sustain the conviction.
This court has consistently held that the testimony of a single witness is sufficient to sustain a conviction. Williams v. State, 512 So.2d 666 (Miss. 1987); Ragland v. State 403 So.2d 146 (Miss. 1981); Freeland v. State 285 So.2d 895 (Miss. 1973); Clanton v. State, 279 So.2d 599 (Miss. 1973). It has also held that slight inconsistencies in the testimony of patrolmen were not grounds for the jury to reject all of the patrolmen's testimony. Kinney v. State, 336 So.2d 493, 497 (Miss. 1976).
We find that there was sufficient evidence from which the jury could have found that Hall sold the cocaine to the undercover agent and this assignment is without merit.
Finding no reversible error in this case, we affirm the conviction and sentence.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
PITTMAN, J., not participating.