Doyle David Lovejoy was convicted by a jury in the Circuit Court of Jackson County of capital rape and sentenced by the court to life imprisonment. Lovejoy raises five issues on this appeal, none of which have any merit. Therefore, the judgment of the lower court is affirmed. However, in affirming, we address the issue of whether the trial court erred in overruling Lovejoy's objections to the introduction into evidence of photographs of the victim in the nude.
 FACTS
We need not go into the factual details. Suffice it to say, the case at bar involves another egregious situation where the father frequently engaged in sexual intercourse with his daughter from age five to thirteen. Specifically, Lovejoy was convicted for a sexual encounter with the victim on or about April 2, 1986. The victim's mother and two older brothers, as well as expert medical testimony, corroborated her testimony that her father engaged in sexual intercourse with her, and that she actually had experienced sexual intercourse. Lovejoy did not testify in his own defense; but he offered the testimony of several alibi witnesses.
Over Lovejoy's objection, the State introduced into evidence five (5) photographs of the victim in the nude. The victim testified that Lovejoy took the photographs of her when she was ten or eleven years old. Lovejoy argues that the nude photographs of the victim were evidence of other crimes, wrongs, or acts and inadmissible under Rule 404(b) of the Mississippi Rules of Evidence and existing state case law. Lovejoy contends that by admitting the photographs into evidence, the State and the trial court went beyond the boundaries of Coates v. State,495 So.2d 464, 468 (Miss. 1986), which relaxes the general rule of excluding evidence of other crimes in the context of sexual crimes. Secondly, Lovejoy argues he was on trial for engaging in sexual intercourse with his daughter and not for taking photographs of her in the nude. Thus, he submits that merely because a man takes photographs of a woman in the nude does not lead inexorably, or otherwise, to the conclusion that the photographer raped the subject of the photographs.
The State first argues that disregarding the fact that Lovejoy took the photographs, they are descriptive events recounted by the victim at trial, they demonstrate the physical condition of the victim's genitalia, and they show Lovejoy's lustful and licentious disposition toward his daughter. The State notes that the key is whether the other behavior shows defendant's lustful predilection toward the particular victim.
 LAW
Rule 404(b) of the Mississippi Rules of Evidence provides:
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, *Page 59 
identity, or absence of mistake or accident.
The comment to the Rule states that these exceptions are not exclusive.
Additionally, in a criminal prosecution evidence of other offenses at other times is admissible when they are connected reasonably with that for which the defendant is on trial.
 "The `acid test [for admissibility] is the logical relevancy to the particular excepted purpose or purposes' for which the evidence of prior offenses is sought to be introduced, `and the considerations justifying the reception of evidence of other similar crimes has been held by some courts to be peculiarly applicable in prosecutions for sexual offenses.'"
Brooks v. State, 242 So.2d 865, 869 (Miss. 1971). See, also,Coates v. State, 495 So.2d 464 (Miss. 1986).
We are of the opinion that here, the photographs of the victim in the nude were properly admitted into evidence. We recognize that in other types of criminal cases, absent an exception to the rule, such photographs are inadmissible. However, in these types of case, i.e., child molestation, such photographs are properly admitted into evidence in order to establish the defendant's licentious disposition and lust for the victim.
Here, the photographs are more probative than prejudicial for several reasons. They show the depravity of the defendant and his lustful disposition for the victim, corroborate the victim's testimony about Lovejoy taking the photographs, and connect reasonably to the charge of capital rape. Additionally, for those jurors who disbelieve that a father can have lust for his natural daughter, the photographs show that such lust exists other than in the imagination of the victim. "Some `probative value' is the only requirement needed to buttress a trial judge's decision to allow photographs into evidence." Parker v. State,514 So.2d 767, 771 (Miss. 1986); Sims v. State, 512 So.2d 1256, 1258 (Miss. 1987).
Therefore, introduction of the photographs taken by Lovejoy of the victim in the nude was appropriate for the reasons set forth above. We affirm the conviction and sentence of the trial court.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.