LEE, J.,
for the Court:
¶ 1. Bobbie Irwin Baine filed a complaint against River Oaks Convalescent Center and Ginger Camire Mitchell in the Circuit Court of Coahoma County for breach of contract, intentional infliction of emotional distress, and defamation after she was terminated from her position at River Oaks Convalescent Center. The jury returned a verdict in favor of River Oaks and Mitchell. Baine now appeals and raises the following issues:
*846 I. WHETHER THE CIRCUIT COURT COMMITTED ERROR WHEN IT EXCLUDED EVIDENCE OF MITCHELL’S 1997 EMBEZZLEMENT CONVICTION.
II. WHETHER THE CIRCUIT COURT COMMITTED ERROR WHEN IT EXCLUDED EVIDENCE OF MITCHELL’S 1981 CONVICTION OF BREACH OF FIDUCIARY TRUST AND EMBEZZLEMENT.
III. WHETHER THE CIRCUIT COURT COMMITTED ERROR WHEN IT EXCLUDED THE TESTIMONY OF NANCY BOOK CONCERNING STATEMENTS MADE BY MITCHELL.
Finding no error, we affirm.
FACTS
¶ 2. In December of 1995, Bobbie Baine was terminated from her position as dietary manager at River Oaks Convalescent Center. Based on her termination, Baine subsequently filed a complaint against River Oaks and her supervisor, Ginger Ca-mire Mitchell, for breach of contract, intentional infliction of emotional distress, and defamation.
¶ 8. During trial, River Oaks and Mitchell contended that Baine had been fired for stealing food and mismanaging the kitchen which resulted in River Oaks being three to four thousand dollars over budget each month. River Oaks and Mitchell established this contention through the testimony of several employees at River Oaks, as well as the owner and the administrator. The employees testified that Baine had been observed stealing food from the kitchen. The theft was reported to Baine’s supervisor, Mitchell, who then reported the theft to River Oak’s administrator. Mitchell then fired Baine after being instructed to do so by the administrator.
114. River Oaks and Mitchell made an ore terms motion in limine to exclude evidence of Mitchell’s two prior convictions of embezzlement if Mitchell were called as a witness by Baine based on the theory that a witness cannot be impeached by the party calling the witness. During a pretrial hearing, this motion was granted by the judge. The trial judge also excluded testimony of a witness, Nancy Book, concerning statements made by Mitchell about excessive personal expenditures made by the owner of River Oaks.
¶ 5. By a nine to three vote, the jury returned a verdict in favor of River Oaks and Ginger Mitchell.
LAW AND ANALYSIS
I. WHETHER THE CIRCUIT COURT COMMITTED ERROR WHEN IT EXCLUDED EVIDENCE OF MITCHELL’S 1997 EMBEZZLEMENT CONVICTION.
¶ 6. Baine argues that the trial court committed error when it granted River Oaks’s and Mitchell’s motion in li-mine to prevent her from introducing evidence of Mitchell’s prior convictions when called as an adverse witness. The trial court granted the motion under the misapprehension that a party cannot impeach its own adverse witness. Under M.R.E. 607, “the credibility of a witness may be attacked by any party, including the party calling him.” M.R.E. 609(a) states,
For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime ... (2) involved dishonesty or false statement, regardless of the punishment.
Also, it is prejudicial to allow a party to make a tactical decision to decline to call a witness and then subsequently refuse to allow the opposing party to call the witness adversely and pursue his or her theory. *847 Hall v. State, 546 So.2d 673, 676 (Miss.1989). However, under M.R.E. 103, the judge has considerable discretion when determining the relevancy of proffered evidence. As stated in Peterson v. State, 671 So.2d 647, 658 (Miss.1996), “[t]he relevancy and admissibility of evidence is largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.” Furthermore, “a party must do more than simply show some technical error has occurred before he will be entitled to a reversal on the exclusion or admission of evidence; there must be some showing of prejudice.” Pham v. State, 716 So.2d 1100, 1101 (Miss.1998).
¶ 7. Here, the trial court did err in not allowing Baine to use Mitchell’s 1997 conviction as evidence for impeachment purposes. The 1997 conviction directly fits the definition of a crime that may be used for impeachment purposes found the M.R.E. 609. Furthermore, embezzlement is listed in the comments to the Mississippi Rules of Evidence, as one of the crimes involving dishonesty. Despite the fact that the judge erred in excluding the evidence of Mitchell’s 1997 conviction, the error was harmless. River Oaks and Mitchell introduced ample evidence to show that Baine was fired for stealing food and mismanaging the kitchen. Mitchell’s testimony could only have reiterated the testimony of the witness who observed and reported Baine’s theft to Mitchell and the testimony of the administrator who instructed Mitchell to fire Baine. The error was harmless and does not warrant reversal.
II. WHETHER THE CIRCUIT COURT COMMITTED ERROR WHEN IT EXCLUDED EVIDENCE OF MITCHELL’S 1981 CONVICTION OF BREACH OF FIDUCIARY TRUST AND EMBEZZLEMENT.
¶ 8. Baine argues that Mitchell’s 1981 conviction could have been admitted under the trial judge’s discretion. The decision of a trial judge to admit or exclude evidence is reviewed under abuse of discretion. Rushing v. Rushing, 724 So.2d 911, 914 (Miss.1998). M.R.E. 609(b) states,
Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect....
The comments to M.R.E. 609(b) reflect that the rationale for this rule is based on fairness, “A person’s past should not be able to haunt him for the duration of his life.” The comments go on to state that where the probative value of the conviction substantially outweighs the prejudice, the judge may allow evidence of a conviction over ten years in age.
¶ 9. It was well within the trial court’s discretion to exclude Mitchell’s 1981 conviction due to the time limitation under M.R.E 609(b). We find no merit in this assignment of error.
III. WHETHER THE CIRCUIT COURT COMMITTED ERROR WHEN IT EXCLUDED THE TESTIMONY OF NANCY BOOK CONCERNING STATEMENTS MADE BY MITCHELL.
¶ 10. Baine asserts that the trial court erred in excluding the testimony of Nancy Book, an employee of River Oaks, about statements made by Mitchell concerning the owner of River Oaks money spending habits. Book testified outside the presence of the jury that Mitchell told *848 her that River Oaks was over budget due to the owner spending the Center’s money for personal reasons. Baine argues that this testimony falls under the definition of non-hearsay in M.R.E. 801(d)(2) which states,
[If] the statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity or (B) a statement of which he has manifested his adoption or belief in its truth, or (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.
The Mississippi Rules of Evidence clearly reflect that an admission by a party-opponent, by definition, is not hearsay.
¶ 11. Under this definition of what is not hearsay, it is clear that Book should have been permitted to testify about the statements made by Mitchell concerning River Oaks owner’s spending of the Center’s money. However, this error is harmless in light of the bulk of evidence presented which established credible reasons for Baine to be terminated. This assignment of error is also without merit.
¶ 12. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., THOMAS and MYERS, JJ., concur.
CHANDLER, J., dissents with a separate written opinion joined by KING, P.J., PAYNE, BRIDGES and IRVING, JJ.