831 So.2d 576 (2002)
Shunthell D. SCOTT a/k/a Shunthell Dewayne Scott, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00010-COA.
Court of Appeals of Mississippi.
November 26, 2002.
David Clay Vanderburg, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Shunthell Scott was convicted of possession of a firearm by a convicted felon. The DeSoto County Circuit Court imposed a sentence of four years' imprisonment. He appeals the decision claiming the trial judge erred in refusing to allow him to put on evidence crucial to his defense. Finding no error, we affirm.

FACTS
¶ 2. On February 19, 2001, Scott, a convicted felon, was a passenger in an automobile driving slowly through the K-Mart parking lot in Southaven, Mississippi. An eyewitness spotted the automobile and noticed a passenger holding a gun. She *577 called the police. Officers Sharon Sparks and Brad Russell responded to the scene. When the officers arrived, Scott exited the automobile and proceeded to walk toward the store. Officer Russell approached him and asked if he had a weapon. Scott replied that he did. He was arrested, and a grand jury indicted Scott for the unlawful concealment of a weapon by a convicted felon. On September 11, 2001, three months prior to trial, Scott filed a motion for discovery. The State filed a response to the motion and requested reciprocal discovery.
¶ 3. Trial was held on December 12, 2001. After the close of the State's case the defense attempted to introduce into evidence three documents pertaining to Scott's medical history. Two of the documents were doctor's bills outlining the costs surrounding a leg cast and an ankle x-ray. The third document, captioned "Progress Notes," purported to be instructions for Scott's aftercare. However, none of the documents provided any indication of a gunshot wound or the date on which the injury occurred. Defense counsel argued that the three documents were necessary to corroborate Scott's testimony that he was in fear of his life. The State objected stating the evidence violated reciprocal discovery and lacked probative value. The trial judge sustained the State's objection.
¶ 4. The defense then called Scott as its only witness. He testified that he had been shot in the ankle and had received medical treatment for his injury. He admitted he had a small two-shot derringer in his possession at the time of the arrest. He claimed he carried it for protection considering he had received some threatening phone calls.
¶ 5. After the defense rested, defense counsel moved for a mistrial claiming that the trial judge had erred in not allowing a Box proceeding for the three medical documents. The trial judge denied the motion. He found that Scott's late attempt to admit the medical evidence was an attempt by the defendant to manipulate the system in order to get a continuance. The judge stated that Scott "acknowledged back there that he knew that he was coming up here and he could have talked to you about all of this and he didn't do it ... I just can't allow defendants to try to manipulate the system and the court calendar to get continuances after continuances ... before they go to trial." The trial judge also held that the new evidence had no probative value, finding that the medical documents had, "no verification of where they came from. There's no authentication. There's all kinds of problems with the thing."
¶ 6. After fifteen minutes of deliberation, the jury returned a verdict of guilty and the judge sentenced Scott to four years of incarceration. He was also ordered to pay a fine of $1,000 and all costs to the court.

LAW AND ANALYSIS

DID THE TRIAL COURT ERR IN EXCLUDING THE MEDICAL DOCUMENTS WITHOUT FOLLOWING THE BOX GUIDELINES?
¶ 7. Scott argues that because the judge refused to admit the medical documents into evidence then the guilty verdict should be reversed. He contends that the judge erred in not granting a Box hearing. A Box hearing is a process that applies where reciprocal discovery has been made yet one party attempts to enter new discoverable material into evidence at trial. Box v. State, 437 So.2d 19, 23 (Miss. 1983). Abuse of discretion is the standard of review for this Court in reviewing a trial court's decision on discovery violations. Conley v. State, 790 So.2d 773, 782 (¶ 20) (Miss.2001).
*578 ¶ 8. In dealing with discovery violations, the court is faced with two conflicting interests. Box, 437 So.2d at 21. First, there is the interest in presenting all relevant and probative evidence for the jury. Id. On the other hand, there is the interest in providing reasonable access to the evidence of each party in order to prevent "trial by ambush." Morris v. State, 777 So.2d 16, 27 (¶ 51) (Miss.2001). The Mississippi Supreme Court has reiterated its commitment to the proposition that "justice is more nearly achieved when, well in advance of trial, each side has reasonable access to the evidence of the other." Box, 437 So.2d at 21. The reciprocal discovery rules apply evenhandedly to both the prosecution and the defense. Coates v. State, 495 So.2d 464, 467 (Miss.1986). Pursuant to Uniform Circuit and County Court Rule 9.04(A), reciprocal discovery requires the disclosure of:
1. Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statement made by any such witness;
2. Copy of any written or recorded statement of the defendant and the substance of any oral statement made by the defendant;
3. Copy of the criminal record of the defendant, if proposed to be used to impeach;
4. Any reports, statements, or opinions of experts, written, recorded or otherwise preserved, made in connection with the particular case and the substance of any oral statement made by any such expert,
5. Any physical evidence and photographs relevant to the case or which may be offered in evidence.
6. Any exculpatory material concerning the defendant.
URCCC 9.04(A)(5).
¶ 9. Rule 9.04 imports no per se rule of inadmissibility for evidence in violation of reciprocal discovery rules. Galloway v. State, 604 So.2d 735, 739 (Miss.1992). Prior to Box, trial judges had wide discretion without any clear guidelines when faced with a discovery violation. Alexander v. State, 610 So.2d 320, 336 (Miss.1992). Justice Robertson's concurrence in Box outlined a set of flexible guidelines for trial judges to follow when confronted with a discovery violation. Box, 437 So.2d at 23-24. These guidelines have since been adopted by the Uniform Rules of Circuit and County Court. The Rule provides:
10. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
11. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the nondisclosed evidence or grant a mistrial.
12. The court shall not be required to grant either a continuance or mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.
The court shall follow the same procedure for violation of discovery by the defense.
URCCC 9.04(I).
¶ 10. However, a trial judge is not mandated to provide a Box hearing for all evidence in violation of reciprocal discovery *579 rules. De La Beckwith v. State, 707 So.2d 547, 574 (¶ 101) (Miss.1997). Justice Robertson when proposing the Box guidelines stated that they should be flexible and should generally be followed. Box, 437 So.2d at 23. As indicated in De La Beckwith, 707 So.2d at 576 (¶ 106), the trial judge can decline to extend the Box hearing where there are intentional procedural violations. Also, as demonstrated in Alexander, 610 So.2d at 337, the trial judge may also decline a Box hearing where the evidence lacks relevancy.
¶ 11. The United States Supreme Court has upheld discovery sanctions when a party intentionally violates a reciprocal discovery rule in order to gain a "tactical advantage." Taylor v. Illinois, 484 U.S. 400, 415, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). In Taylor, the trial court excluded a defense witness's testimony because his name had not been produced until the second day of trial after the prosecution's two principal witnesses had completed their testimony. Id. at 403, 108 S.Ct. 646. The court held that a trial judge's refusal to allow an undisclosed witness to testify was not prohibited by the Compulsory Process Clause of the Sixth Amendment. Id. at 416, 108 S.Ct. 646. The court justified the use of sanctions stating that one of the purposes of discovery rules is to minimize the risk of fabricated testimony. Id. at 413, 108 S.Ct. 646. The court stated that it is "reasonable to presume that there is something suspect about a defense witness who is not identified until after the 11th hour has passed." Id. at 414, 108 S.Ct. 646.
¶ 12. In Houston v. State, 531 So.2d 598, 611 (Miss.1988), the Mississippi Supreme Court recognized the denial of admission of evidence as a sanction. The court stated that sanctions should "be reserved for cases in which the defendant participates significantly in some deliberate, cynical scheme to gain a substantial tactical advantage." Id. at 612. The court has also stated that although not mentioned within Rule 9.04, the circuit court has the inherent authority, "subject to constitutional limitations, to fix discovery cutoff deadlines and enforce them through appropriate sanctions." De La Beckwith, 707 So.2d at 576 (¶ 106). Where a defendant violates a discovery obligation, the circuit court may utilize a wide array of sanctions, one of which may include exclusion of the evidence. Coates, 495 So.2d at 466.
¶ 13. The facts of this case are directly on point with those of De La Beckwith. In De La Beckwith, the defendant did not produce the name of a witness until after the prosecution had rested. De La Beckwith, 707 So.2d at 575 (¶ 104). The trial judge excluded the witness's testimony due to the fact that his name had not timely been disclosed. Id. Defense counsel argued that the trial judge should have granted a continuance rather than sanctioning the witness's testimony. Id. at 575 (¶ 105). The Mississippi Supreme Court held that the trial judge's actions were within the scope of his authority. Id. at 576 (¶ 106). The court also stated that "regardless of whether prejudice to the prosecution could have been avoided in this particular case, it is plain that the case fits into the category of willful misconduct in which the severest sanction is appropriate." Id. at 575 (¶ 104) (citing Taylor, 484 U.S. at 417, 108 S.Ct. 646.)
¶ 14. Scott violated discovery by his failure to produce for the State copies of the medical documents during reciprocal discovery. Scott's defense had always been that he carried the gun for fear of his life. Scott acknowledged that he had known about the documents for some time and could have provided them to his attorney. Introducing the evidence would have *580 given the defense a strategic advantage. It would have been difficult for the State to pursue the authenticity of the two medical billing statements. Also it would have been impossible for the State to question the treating physicians concerning the documents. We find that the defendant acted willfully in violating the reciprocal discovery requirements therefore, the trial judge's decision was not an abuse of his discretion.
¶ 15. The documents also lacked probative value. As held in Glaskox v. State, 659 So.2d 591, 594 (Miss.1995), a Box hearing is not necessary for evidence which lacks relevance. The standard of review for evidentiary rulings is whether the trial court abused its discretion. Coleman v. State, 697 So.2d 777, 784 (Miss. 1997). As stated in Rule 103(a) of the Mississippi Rules of Evidence, an error cannot be predicated to an adverse evidentiary ruling unless a substantial right of the party has been affected. Jackson v. State, 594 So.2d 20, 25 (Miss.1992). Therefore, "the admission or exclusion of evidence must result in prejudice or harm if the cause is to be reversed on that ground." Id.
¶ 16. The medical billing statements dated June 24, 2001, reflect past charges for the application for a "long leg cast" and past charges for X-rays of Scott's ankle. Nothing in these documents reflects the nature of Scott's injury or when the injury occurred. The third document, captioned "Progress Notes," provides even less evidence to support Scott's defense. The document gives his name but indicates nothing pertaining to his injury.
¶ 17. Scott was not prejudiced by the exclusion of the three documents which contain nothing more than general medical information. The fact that Scott had worn a leg cast and had received an X-ray and physical therapy for an ankle injury was merely cumulative with the defendant's testimony that he had been shot and had received treatment and therapy.
¶ 18. It is the opinion of this Court that the trial court did not abuse its discretion in refusing to admit the three medical documents into evidence. The three medical documents were properly disallowed on procedural grounds and for lack of relevancy.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOLLOWED BY ONE YEAR OF POST-RELEASE SUPERVISION AND $1000 FINE IS AFFIRMED. COSTS ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.