853 So.2d 830 (2003)
Antonio GRANGER a/k/a Antonio Terrell Granger a/k/a "Abby", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00138-COA.
Court of Appeals of Mississippi.
July 22, 2003.
*831 William R. Labarre, Hollandale, Attorney for Appellant.
Office of the Attorney General, by Billy L. Gore, Attorney for Appellee.
Before MCMILLIN, C.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the Court:
¶ 1. Antonio Granger was convicted as a habitual offender of possession of marijuana with the intent to sell, transfer, or distribute to others. Aggrieved he asserts the following:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW THE WITNESS OF THE APPELLANT TO TESTIFY AT TRIAL.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO SUPPRESS THE STATEMENT OF THE APPELLANT.

FACTS
¶ 2. On the evening of February 12, 2000, Jimmy Branning, an agent with the Central Delta Drug Task Force, and E.B. Gresham, a motor vehicle senior inspector, witnessed a motor vehicle make an improper turn into the parking lot at Little Shooters liquor store. The law enforcement officials turned in behind the vehicle. As the two approached the vehicle, an individual identified as Antonio Granger exited the vehicle to talk to Officer Gresham. Gresham testified that he smelled a strong odor of burned marijuana from the car and Granger. As Officer Gresham inquired as to the status of Granger's driver's license and the possibility of searching his car, Granger ran from the scene. At about the same time the passenger of the vehicle exited and ran as well.
¶ 3. A check of the tag revealed the car was registered to Antonio Granger. The vehicle was searched and its contents inventoried. *832 Over three pounds of marijuana was found in the trunk of the vehicle along with over $4,000 in cash. A warrant was subsequently issued for Granger's arrest and he was taken into custody on February 16, 2000.
¶ 4. Granger testified that he and a friend, Jacques Winder, were drinking and driving that night and he had pulled into the liquor store parking lot to purchase more liquor. He testified that Winder was in the store when the authorities approached. He further testified that the other passenger of the vehicle was a man known only as Shannon and that the bag containing the money and marijuana belonged to him. The officers testified they never saw a passenger exit the vehicle and enter the liquor store.
¶ 5. At trial Granger attempted to call Winder as a witness. Winder was not permitted to testify because of a discovery violation. In Granger's updated and final discovery disclosure it states Winder "may" testify from personal knowledge as to the facts and events that occurred on February 12, 2001. There was an overall failure to describe the "facts and events," which subsequently led to the court's ruling not to allow the witness to testify.
¶ 6. A suppression hearing was conducted prior to trial to determine the admissibility of statements made by Granger to Officer Branning after his arrest. At the suppression hearing Branning testified that the statements made by Granger were done voluntarily and without any provocation from him. Branning testified that Granger asked to speak with him and then proceeded to speak without being questioned. Branning's testimony was corroborated by Deputy Robert Winn. Branning also testified that he gave Granger Miranda warnings twice before they spoke on two different occasions. At trial Branning was called to rebut testimony of Granger. Branning testified that Granger asked to speak with him away from the jail because the people made him nervous. Branning stated that he read Granger his rights again once they arrived at the police lodge away from the jail and Granger began to tell Branning the names of individuals that he could buy drugs from to act on behalf of the task force. Branning then testified that he asked Granger where he had acquired the marijuana that was found in his vehicle and Granger stated he was taking it to a guy named Pookie. Granger then stated that the money found in the vehicle was his. Branning testified that Granger stated that he was the middle man between Greenville and Texas. Granger then informed Branning that he was on his way to sell the marijuana to Pookie.
I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW THE WITNESS OF THE APPELLANT TO TESTIFY AT TRIAL?
¶ 7. Granger asserts that the trial court committed reversible error by not allowing a witness to testify at trial. At no time was an offer of proof procured by Granger's attorney in order to preserve the issue for appeal.
¶ 8. In dealing with discovery violations, the court is faced with two conflicting interests. Box v. State, 437 So.2d 19, 21 (Miss.1983). First, there is the interest in presenting all relevant and probative evidence for the jury. Id. On the other hand, there is the interest in providing reasonable access to the evidence of each party in order to prevent "trial by ambush." Morris v. State, 777 So.2d 16, 27(¶ 51) (Miss.2001). The Mississippi Supreme Court has reiterated its commitment to the proposition that "justice is more nearly achieved when, well in advance of trial, each side has reasonable access to the evidence of the other." Box, *833 437 So.2d at 21. The reciprocal discovery rules apply evenhandedly to both the prosecution and the defense. Coates v. State, 495 So.2d 464, 467 (Miss. 1986). Pursuant to Uniform Circuit and County Court Rule 9.04(A), reciprocal discovery requires the disclosure of:
1. Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statement made by any such witness;
2. Copy of any written or recorded statement of the defendant and the substance of any oral statement made by the defendant;
3. Copy of the criminal record of the defendant, if proposed to be used to impeach;
4. Any reports, statements, or opinions of experts, written, recorded or otherwise preserved, made in connection with the particular case and the substance of any oral statement made by any such expert;
5. Any physical evidence and photographs relevant to the case or which may be offered in evidence; and
6. Any exculpatory material concerning the defendant.
URCCC 9.04(A)(5). Rule 9.04 imports no per se rule of inadmissibility for evidence in violation of reciprocal discovery rules. Galloway v. State, 604 So.2d 735, 739 (Miss.1992); Scott v. State, 831 So.2d 576, 578(¶ 8) (Miss.Ct.App.2002).
¶ 9. However, a party who wishes to preserve an issue for appeal must make a proffer. "Generally, when a party seeks to offer evidence which in turn is excluded by the trial court, before we will consider the matter on appeal the party must have somehow placed in the record the nature and substance of the proffered evidence for our consideration." Harris v. Buxton T.V., Inc., 460 So.2d 828, 833 (Miss.1984). When testimony is excluded at trial, a record must be made of the proffered testimony in order to preserve the point for appeal. Thompson v. State, 602 So.2d 1185, 1188 (Miss.1992)(citing Gates v. State, 484 So.2d 1002, 1008 (Miss.1986)). This issue is without merit.
II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT FAILED TO SUPPRESS THE STATEMENT OF THE APPELLANT?
¶ 10. Granger asserts that it was error to allow testimony of oral statements made by Granger to Officer Branning. The trial court ruled that there had been no violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or the Fourth Amendment, but found the statement to be so prejudicial that it could not be used in the State's case in chief, but could be used, if needed, in rebuttal. The State, in rebuttal of Granger's own testimony, proffered testimony from Officer Branning regarding Granger's oral confession. The trial court ruled that Granger "opened the door" and since it was determined that the statements made by Granger were free and voluntary then the statements were allowed to rebut Granger's testimony. Granger argues that the trial court erred in determining that the statements made by Granger were voluntary.
¶ 11. Usually, a confession must be voluntary and not the result of promises, threats, or inducements to be deemed admissible. Mixon v. State, 794 So.2d 1007, 1009(¶ 4) (Miss.2001). "The test in such cases is whether the inducement is of a nature calculated under the circumstances to induce a confession irrespective of its truth or falsity." Taylor v. State, 789 So.2d 787, 795(¶ 34) (Miss.2001).
*834 It is the prosecution's burden to prove beyond a reasonable doubt that the confession was voluntary. Mixon, 794 So.2d at (¶ 4). The prosecution meets this burden by presenting testimony from an officer or other person having knowledge of the facts, who states that the confession was made voluntarily without threats, coercion, or offer of reward. Id.
¶ 12. This Court only has a limited review when determining if a confession is voluntary. Id. at 1010(¶ 5). The trial judge sits as finder of fact when he or she determines the voluntariness, and this Court will not overturn the trial judge's decision unless manifestly wrong. Id.
¶ 13. The State made out a prima facie case of voluntariness by demonstrating in the suppression hearing that contact was initiated by Granger and multiple Miranda warnings were given. Officer Branning testified as to the voluntariness of the statements and Granger made no attempt to refute Branning's testimony. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO SELL, TRANSFER OR DISTRIBUTE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.