IRVING, J„ for the Court:
¶ 1. This appeal emanates from the Circuit Court of Pearl River County where Charles Certain was tried and convicted of conspiracy to sell a controlled substance within fifteen hundred feet of a church. He was sentenced to twenty years with ten years suspended. On appeal, Certain argues that (1) the evidence lacks the sufficiency necessary to support a conviction, (2) the trial court’s sentence of twenty years was improper, and (3) the trial court erred when it overruled defense counsel’s motion for a new trial. We are not persuaded by Certain’s arguments; therefore, we affirm his conviction and sentence.
FACTS
¶ 2. Certain was arrested as a result of a controlled buy orchestrated by Pearl River County Sheriffs Deputies Joel Hudson and Curtis Broughton. These officers were working undercover in Picayune, Mississippi, with the specific purpose of purchasing crack cocaine. To assist in the operation, the deputies solicited the assistance of a confidential informant (Cl), Steve Miller. Miller and Hudson rode together as they traveled to the Nicholas Arms Apartments, which was their predetermined operation site. Upon arriving at the apartment complex, the two men encountered Charles McDonald who “motioned for [them].” Miller got out of the car and told McDonald that Miller and Hudson were “looking for a twenty.” McDonald told Miller that they would have to take him to the Mini-Mart to get some. They agreed to take him, and McDonald got in the car with Miller and Hudson. When they arrived at the Mini-Mart, Me- *530 Donald exited the vehicle and approached a tan vehicle that was parked at the Mini-Mart. He took with him a twenty dollar bill that was given to him by Deputy Hudson. After McDonald reached the tan vehicle which was occupied by Certain, he was seen passing the twenty dollar bill to Certain and receiving “something” in return. When McDonald returned to the undercover vehicle, he handed Deputy Hudson a rock-like substance, which was tested and determined to be cocaine.
¶ 3. The transaction took place within 1500 feet of the Power House Church. Throughout the operation, the undercover vehicle occupied by Deputy Hudson and Cl Miller was trailed by another undercover vehicle occupied by additional officers.
ANALYSIS OF THE ISSUES PRESENTED

1. Sufficiency of the evidence

¶ 4. Certain makes a sufficiency of the evidence argument in his first assignment of error. He bases this argument on two points: (1) the lack of credibility of the Cl, Miller, along with the State’s inability to present an eyewitness to the passing of the drugs and (2) the entrapment-like nature of the operation. First, Certain argues that Cl Miller is a known and admitted drug user and convicted felon of crimes of dishonesty. Certain argues that because of Miller’s use of “mind altering” drugs his credibility should be taken into question. Additionally, he asserts that Miller’s history of convictions for crimes of dishonesty[1] show his lack of credibility.
¶ 5. While Certain concentrates on Miller’s lack of credibility, he overlooks the testimony of two other officers who testified as witnesses to the event — Hudson and Broughton. Even without Miller’s testimony, there is sufficient testimony from Deputies Hudson and Broughton to sustain the verdict. Each of them testified as to witnessing the incidents described in the earlier portion of this opinion. Nevertheless, questions of witness credibility are issues for the jury and not the court on appeal. See Groseclose v. State, 440 So.2d 297, 300 (Miss.1983); see also Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980).
¶ 6. Secondly, Certain asserts that the transaction was or “borders” on entrapment. He argues that, even if it is determined that he indeed sold the drugs, the evidence is likewise clear that he would not have done so except for the prodding of the agents; therefore, he is a victim of police entrapment. He argues that his actions show that he had no desire to become involved in a drug transaction.
¶ 7. The Mississippi Supreme Court has defined entrapment as “the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense.” Walls v. State, 672 So.2d 1227, 1230 (Miss.1996). Our supreme court has consistently held that a defendant must present evidence of government inducement to commit the criminal act and a lack of predisposition to engage in the criminal act prior to contact with government agents before being afforded the opportunity to raise the affirmative defense of entrapment. Id. (citing Hopson v. State, 625 So.2d 395, 399-400 (Miss.1993)). Certain, however, fails to include in his argument exactly what actions on the part of the State or its agent that he is referring to, and, upon review of the record, it is not readily apparent. Certain exercised his *531 constitutional right not to testify; therefore, we are at a loss to understand how Certain can contend he was entrapped.

2. Cruel and Unusual Punishment

¶ 8. Certain’s second assignment of error accuses the trial judge of issuing an improper sentence. He argues that the sentence of twenty years with ten suspended constitutes cruel and unusual punishment. He argues that, because of the small amount of the drug, the punishment is grossly disproportionate to the offense.
¶ 9. This argument lacks merit. Sentencing is the prerogative of the trial court, and generally appellate courts will not review the sentence if it is within the limits prescribed by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991). “[W]here a sentence is within prescribed statutory limits permitted by statute, it will generally be upheld and not regarded as cruel and unusual.” Barnwell v. State, 567 So.2d 215, 222 (Miss.1990). The maximum sentence for the offense of conspiracy to sell cocaine is twenty years and a $500,000 fine. Miss.Code Ann. § 97-1-1 (Rev. 2000). As stated, Certain was sentenced to twenty years with ten of those years suspended. His sentence is well within the purview of the statute. This assignment of error is without merit.

3. Weight of the Evidence

¶ 10. Certain’s final assignment of error accuses the trial court of erring by overruling defense counsel’s motion for a new trial. Certain bases this contention on his assertion that the evidence was insufficient to sustain a verdict of guilty. He argues that because the evidence was insufficient he should have been afforded a new trial. Under this assignment of error, Certain argues for the wrong relief. If the evidence was insufficient to sustain his conviction, the remedy would be to reverse and render his conviction, not to grant a new trial. However, as explained below, Certain is not entitled to a new trial, and we have already determined in the first portion of this opinion that the evidence is sufficient to sustain his conviction.
¶ 11. The denial of a motion for a new trial implicates the discretion of the trial judge. An appellate court will not reverse unless there has been an abuse of the trial court’s discretion. Malone v. State, 486 So.2d 360, 366 (Miss.1986). This Court will not grant a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. See Wetz v. State, 503 So.2d 803, 812 (Miss.1987). We do not find that the evidence is such that to allow the verdict to stand will sanction an unconscionable injustice. See id.; see also Groseclose, 440 So.2d at 300. Three witnesses testified that Certain passed “something” to McDonald in the parking lot of the Mini-Mart and that McDonald passed it on to Deputy Hudson. That “something” was later tested and determined to be cocaine. There is nothing here to suggest or persuade us that the judge abused his discretion. Therefore, the conviction is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY OF CONVICTION OF CONSPIRACY TO SELL A CONTROLLED SUBSTANCE WITHIN 1,500 FEET OF A CHURCH AND SENTENCE OF TWENTY YEARS WITH TEN YEARS SUSPENDED, AND TEN YEARS POST RELEASE SUPERVISION IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
*532 McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., concur.

. Miller had been convicted of grand larceny, receiving stolen goods and twenty counts of issuing bad checks.