IRVING, J., for the Court.
¶ 1. Marquis Yarnell Henderson pleaded guilty to manslaughter, and the trial court sentenced him to serve fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved, Henderson appeals and assert the following errors: (1) the trial court abused its discretion by applying a sentencing analysis applicable to murder instead of a sentencing analysis applicable to manslaughter by culpable negligence, thereby violating his rights to due process and equal protection under the United States and Mississippi Constitutions, and (2) given the facts and circumstances of the case, the trial court erred in imposing a sentence that was grossly disproportionate to the crime of manslaughter by culpable negligence.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On June 1, 2003, Marquis and his brother, Shandell Henderson, got into an argument.[1] After they had engaged in a shoving match, Shandell went to a nearby residence and retrieved a shotgun, while Marquis went to his residence and retrieved a handgun. Soon thereafter, Shan-dell fired a shot into the air in the general direction of Marquis’s house. In turn, Marquis fired a single shot from his handgun into the air.
¶ 4. During this time, Shandell’s four-year-old son, Kyai Deshun Henderson, was inside his grandmother’s house. Upon hearing the shots, Kyai ran out the back door of the house. The bullet that had been fired from Marquis’s gun fell from the air, hitting and killing Kyai.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Trial Court’s Sentencing

¶ 5. Under this assignment of error, Henderson contends that the trial *393 court violated his due process and equal protection rights when it imposed a fifteen year sentence upon him. Henderson argues that, “given the unique facts and circumstances of the case,” the court abused its discretion by engaging in a sentence analysis applicable to murder instead of a sentence analysis applicable to manslaughter. Henderson maintains that the trial judge improperly substituted his judgment for the judgment of the grand jury when he stated that he believed that the crime was murder, not manslaughter.[2]
¶ 6. Henderson pleaded guilty to manslaughter under Mississippi Code Annotated section 97-3-47 (Rev.2000).[3] The penalty for manslaughter is enumerated in Mississippi Code Annotated section 97-3-25 (Rev.2000), which reads as follows: “[a]ny person convicted of manslaughter shall be fined in the sum not less than five hundred dollars, or imprisoned in the county jail not more than one year, or both, or in the penitentiary not less than two years, nor more than twenty years.”
¶ 7. The statute clearly indicates that the maximum sentence for manslaughter is twenty years. The trial judge imposed a fifteen-year sentence upon Henderson, five years less than the maximum statutory sentence. It does not matter that the trial judge believed that Henderson had committed murder instead of manslaughter, because the judge still acted within the discretion given to him by law in sentencing Henderson. The Mississippi Supreme Court has repeatedly held that “a trial court will not be held in error or held to have abused [its] discretion if the sentence imposed is within the limits fixed by statute.” Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984) (citations omitted).
¶ 8.- For the sake of thoroughness, we briefly address Henderson second contention: that the trial court’s sentencing “may have been influenced by an incorrect understanding of how the plea agreement was reached.” According to Henderson, the plea was not á plea to a lesser-included offense, but was a plea to manslaughter as charged in the indictment. Apparently, Henderson is implying that the trial court erred by not accepting the State’s sentencing recommendation.[4]
¶ 9. We disagree. The following exchange clearly indicates that Henderson was put on notice that the trial court was not obligated to accept any plea agreement that he had reached with the State:
Q. Do you understand that the Court is not bound by the plea agreement reached between your attorneys and the district attorney’s office and upon your guilty pleas [sic] to the offense of manslaughter could sentence you to a minimum of two years and up to twenty years?
A. Yes, sir.
We find that the trial court acted within its discretion in refusing to accept the State’s recommendation and in sentencing Henderson to serve fifteen years for the crime of manslaughter. This issue is without merit.

*394
2. Disproportionate Sentence

¶ 10. Henderson claims that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. Henderson concedes that his argument fails under established Mississippi case law.[5] Therefore, Henderson essentially argues that his sentence is cruel and unusual because the trial judge should have afforded him some degree of compassion in sentencing given the circumstances which led to Kyai’s death.
¶ 11. We are mindful of the unfortunate circumstances of the case. We are also mindful of the fact that Henderson clearly did not intend to harm his young nephew in any way. However, the sad reality is that a young boy lost his life due to the actions of Henderson and his brother. Therefore, we find that a fifteen-year sentence is not grossly disproportionate for killing a four-year-old boy, regardless of the fact that the killing was unintentional. Our holding is further buttressed by the fact that the Mississippi Supreme Court has consistently recognized the broad authority of the legislature and trial court in the area of sentencing and “has repeatedly held that where a sentence is within prescribed statutory limits, it will be generally upheld and not regarded as cruel and unusual.” Barnwell, 567 So.2d at 222. We find nothing cruel and unusual in a fifteen-year sentence that is five years less than the statutory maximum prescribed by the legislator for the offense. This assignment of error is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.

. The grand jury indicted Henderson for manslaughter. Henderson argues that the trial judge abused his discretion "by effectively ignoring the collective judgment of the grand juiy as to the crime for which Marquis Henderson was indicted."

. Section 97-3-47 states that: "[ejvery other killing of a human being, by the act, procurement, or culpable negligence of another, and without the authority of law, not provided for in this title, shall be manslaughter.”

.The State recommended a sentence of twenty years in the custody of the Mississippi Department of Corrections, sixteen years suspended, four years to serve with five years of supervised probation.

. Henderson recognizes that established case law construing alleged violations of the Eighth Amendment prohibition against cruel and unusual punishment controls this assignment of error. In Barnwell v. State, 567 So.2d 215, 221 (Miss.1990), our supreme court adopted the position that "[a]part from ... a sentence of life in prison without the possibility of parole' — or a sentence which is manifestly disproportionate to the crime committed (e.g., life sentence for overtime parking), extended proportionality analysis is not required by the Eighth Amendment."