973 So.2d 294 (2008)
James Allen RAMSEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00667-COA.
Court of Appeals of Mississippi.
January 15, 2008.
*295 James Allen Ramsey, appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., CHANDLER, GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. James Ramsey appeals the denial of his motion for post-conviction collateral relief. He asserts that: (1) his guilty pleas were not voluntarily or intelligently entered, (2) he was denied effective assistance of counsel, (3) he was denied a bail hearing within a reasonable time of his arrest, and (4) his sentence constitutes cruel and unusual punishment. We find no error and affirm.

FACTS
¶ 2. Ramsey was indicted on three counts of selling cocaine. On June 16, 2003, Ramsey entered guilty pleas on all three counts. He was sentenced to serve three consecutive five year sentences, in the custody of the Mississippi Department of Corrections, and ten years of post-release supervision.
¶ 3. On November 24, 2004, Ramsey filed a motion for post-conviction collateral relief. The circuit court found Ramsey's claims to be without merit and dismissed his motion.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). *296 However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
1. Were Ramsey's guilty pleas voluntarily and intelligently entered?
¶ 5. Ramsey contends that he involuntarily entered guilty pleas to all three charges because he relied on his attorney who was unfamiliar with the case. Specifically, Ramsey states that his attorney did not advise him of his chances at trial or of the fact that the State's only witnesses were felons. In response, the State argues that the record, including Ramsey's petition to enter a guilty plea and his testimony at the plea hearing, proves that Ramsey was fully aware of the consequences of pleading guilty. Thus, the State claims that Ramsey's guilty pleas were entered voluntarily and intelligently.
¶ 6. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss. 1991). It is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); Vittitoe v. State, 556 So.2d 1062, 1064 (Miss.1990). A defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. URCCC 8.04. "A showing that the plea was voluntarily and intelligently made must appear in the record." URCCC 8.04(A)(3).
¶ 7. Ramsey, with the aid of counsel, signed and presented the trial court a petition to enter a guilty plea. In the petition, Ramsey made a sworn statement that he was mentally competent to make the petition and was not under the influence of drugs or alcohol. He admitted that he was guilty of the crimes charged and waived his right to a trial by jury, his right to hear and cross examine witnesses, and his right against self incrimination. The trial judge asked Ramsey whether everything in the petition was true and correct. In response, while under oath, Ramsey answered yes.
¶ 8. The trial judge asked Ramsey the following questions at the plea hearing:
Q: Do you understand, Mr. Ramsey, that by signing that petition and being here before the court you're asking me to accept your pleas of guilty to three counts of sale of cocaine?
A: Yes, ma'am.
Q: Is that what you want to do? A: Yes, ma'am.
Ramsey also told the judge that he understood that he was giving up his right to a trial by jury and that he fully understood the maximum and minimum sentences and fines for his offenses. He acknowledged that he was entering an open plea and that it was possible for the judge to sentence him to the maximum sentence.
¶ 9. Despite Ramsey's argument that his plea was not voluntary, the record contains sufficient evidence to show that Ramsey fully understood the consequences of his guilty pleas. The trial judge thoroughly questioned Ramsey about each aspect of the plea petition. Ramsey had numerous opportunities to dispute the contents of the petition. Ramsey swore that he was aware of each constitutional right that he was waiving by entering guilty pleas and admitted his guilt on all three charges of the sale of cocaine. Because we find that the record contains sufficient evidence to establish that the trial judge properly and correctly accepted Ramsey's *297 guilty pleas, we conclude that this issue has no merit.
2. Was Ramsey denied effective assistance of counsel?
¶ 10. Ramsey also argues that he received ineffective assistance of counsel. To support this claim, Ramsey asserts that his attorney did not advise him that the State's witnesses, against him were facing drug charges themselves. Ramsey further argues that counsel was ineffective because his lead attorney sent another attorney to represent him at the plea hearing.
¶ 11. To prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show' that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 12. Ramsey offered no evidence other than his own statements to prove that his counsel was ineffective. There is nothing in the record to show that counsel's actions were deficient. Further, Ramsey has not met the second prong of the Strickland test because he cannot prove that he would not have entered a guilty plea if counsel had done as he argues and informed him of the felony charges against the State's witnesses. Ramsey was facing the possibility of ninety years in prison. Ramsey chose to plead guilty and provides no other proof that further investigation in his case would have changed that decision.
¶ 13. Moreover, Ramsey's claim is contradicted by the record. In his plea petition and to the trial court at his plea hearing, Ramsey stated that he was satisfied with the representation of his attorney and had no complaints against her or the way she handled his case. Therefore, Ramsey's ineffective assistance of counsel argument is without merit.
3. Was Ramsey denied a bail hearing within a reasonable time of his arrest?
¶ 14. Ramsey contends that his right to due process of law was violated because he was not taken before a judge for a bail hearing until he had served seventy-three days in jail. He argues that he could have been in a better position to seek legal counsel but for the delay.
¶ 15. Ramsey claims that it was a violation of due process to delay his initial appearance and deny him bond for seventy-three days. Rule 6.05 of the Uniform Circuit and County Court' Rules states that a defendant who has been indicted by a grand jury is not entitled to an initial appearance or a preliminary hearing. Further, Ramsey offers no proof that he was denied bond for an unreasonable amount of time. We find that the trial court did not err in finding that there was no support' for Ramsey's allegations. Thus, we find that this issue has no merit.
4. Does Ramsey's sentence constitute cruel and unusual punishment?
¶ 16. Lastly, Ramsey asserts that his sentence is too lengthy and constitutes cruel and unusual punishment. Ramsey *298 was sentenced to five years for each of the three counts of sale of cocaine, to run consecutively, for a total of fifteen consecutive years in prison. In his plea petition and under oath at his plea hearing, Ramsey testified that he was aware of the maximum sentence for each count of sale of cocaine.
¶ 17. Ramsey was indicted and entered guilty pleas to three counts of sale of cocaine under Mississippi Code Annotated section 41-29-139(a) (Rev.2005). The maximum sentence for each count is thirty years in prison and a $1,000,000 fine. The supreme court has said that substantial deference is to be given to. "the legislature in determining the limits of punishment for crimes [and to] the discretion of trial courts in sentencing criminals." Barnwell v. State, 567 So.2d 215, 222 (Miss.1990). "[W]here a sentence is within prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual," Id.
¶ 18. Ramsey's three consecutive five year sentences are well within the statutory guidelines set forth by the legislature. There is no evidence that his sentence is cruel and unusual or excessive based on the facts of this case. This issue has no merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.